**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL LAVELLE SIMMONS,  )<br>Petitioner,  )<br>  )<br>  )<br>  )<br>B. A. BLEDSOE,  )<br>Respondent.  ) | Criminal No. 05-0074-1<br>Civil Action No. 08-0229 |

**MEMORANDUM ORDER**

Presently before the Court is a PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY filed *pro se* by Petitioner, Michael Lavelle Simmons (*Document No. 84).*

On January 3, 2006, Michael Simmons pled guilty to Count One of a four-count superseding indictment which charged him with the crime of transportation with intent to engage in criminal sexual activity in violation of Title 18, United States Code, section 2324(a) & 2. On April 7, 2006, the Court sentenced Mr. Simmons to 210 months imprisonment, to be followed by supervised release for a term of life. Mr. Simmons did not file a direct appeal. Currently, he is incarcerated at U.S. P. Marion in Marion, Illinois.

On February 19, 2008, Mr. Simmons filed the instant motion in which he argues that the "excessive term of Supervised Release [is] in violation of the United States Sentencing Guidelines as the petitioner was sentenced to life supervision." Petition, II(A). Mr. Simmons used a pre-printed form entitled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." Additionally, the title page contains the following instruction:

> This not to be used if petitioner claims that his federal sentence itself is unlawful. If a petitioner wishes to attack his federal sentence, he or she should file a motion under 22 U.S.C. § 2255 to vacate, set aside or correct sentence in the federal court which entered judgment.

Claims are proper under 28 U.S.C. § 2241, and not 28 U.S.C. § 2255, if they concern the manner, location, or conditions of the execution of petitioner's sentence <u>and</u> not the fact of petitioner's conviction or sentence. Section 2255 allows a prisoner in custody to attack his sentence if it was imposed in violation of the Constitution or statute, the court lacked jurisdiction to impose it, it exceeds the maximum allowed by law, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. *See Rios v. Wiley,* 201 F.3d 257, 270-71 (3d Cir. 2000) (Motion under § 2241 is appropriate to challenge the execution of a sentence, in contrast to § 2255, which permits a challenge on constitutional grounds to the imposition of the sentence).

Accordingly, although not captioned as such, because Mr. Simmons seeks a reduction of his sentence his motion should be construed as a motion for relief under 28 U.S.C. § 2255. As such, this Court must notify Mr. Simmons of the legal consequences that may occur should it rule upon his *de facto* § 2255 motion. *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).

Prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), district courts liberally interpreted petitions and motions such as the one filed by Mr. Simmons as a petition/ motion brought pursuant to 28 U.S.C. § 2255. "Courts engaged in this practice in order to reach the merits of pro se petitions, while avoiding the wasted time and expense of forcing petitioners to redraft their pleadings." *Miller,* 197 F.3d at 648. However, AEDPA has implemented a procedural framework that constrains the number and frequency of second or successive § 2255 petitions which may be brought before the federal courts.

"The once generous practice of liberally construing pro se filings as § 2255 motions was rendered potentially disadvantageous by the enactment of AEDPA:

> Had AEDPA not been enacted, the District Court's handling of Miller's motions in this case would pose no problem. AEDPA, however, dramatically altered the form and timing of habeas petitions filed in the federal courts. Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals. Amended sections 2255 and 2244(d)(1), moreover, impose a one-year statute of limitation on applications for writ of habeas corpus. Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created. To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions. And in order to avoid being time barred, they must take care to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final.
>
> With AEDPA in place, the practice of liberally construing post-conviction motions as § 2244 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review. If each pro se post-conviction filing is treated as a § 2255 writ, as was once the case, inept petitioners face losing potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit pro se claimants.

*United States v. Chew*, 284 F.3d 468, 470-71 (3d Cir. 2002) (quoting *Miller,* 197 F.3d at 649).

Accordingly, it is now required under *Miller* that "district courts provide certain prophylactic 'notice' measures before either re-characterizing a post-conviction motion as a § 2255 motion or ruling on a § 2255 motion denominated as such when the petitioner is proceeding pro se." *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir.2000).

The *Miller* rule obligates this Court to advise Mr. Simmons that he can:

(1)     have his motion ruled upon as filed;

(2) if his motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or

(3) withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

*Miller,* 197 F.3d at 652.

Because Mr. Simmons might not have been aware of the potential legal consequences when he filed the instant motion, the Court will refrain from considering his motion at the present time. Instead, Mr. Simmons will be ordered to select one of the three options listed above and advise the Court of his decision on or before **March 5, 2008**, which is forty-five (45) days from this Memorandum Order. If Mr. Simmons chooses not to respond, this Court will rule upon the motion as filed as explained in Option # 1 above.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL LAVELLE SIMMONS,  )
      Petitioner,  )
          )  Criminal No. 05-0074-1
          )  Civil Action No. 08-0229
          )
B. A. BLEDSOE,  )
      Respondent.  )

## ORDER OF COURT

**AND NOW**, this 20th day of February, 2008, upon consideration of Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person in Federal Custody (*Document No. 84*), it is hereby **ORDERED** that Petitioner has until **March 5, 2008,** which is forty-five (45) days from the date of this Order, within which to advise this Court as to his choice from the following three options:

    1. Petitioner may have his motion ruled upon as filed;

    2. Petitioner may choose to have his motion recharacterized as a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") and heard as such, but Petitioner will lose his ability to file successive petitions /motions absent certification by the court of appeals; or

    3. Petitioner may withdraw his motion and file an all-inclusive Section 2255 Motion, subject to the one-year statutory period described in Section 2255.

If Petitioner does not notify this Court of his choice, then this Court will rule upon his motion as filed.

BY THE COURT:

s/Terrence F. McVerry, Judge
United States District Court


cc: Michael Lavelle Simmons
USM # 83805-008
USP Marion
P. O. Box 1000
Marion, IL 62659


Tina O. Miller
Assistant U.S. Attorney
Email: tina.o.miller@usdoj.gov