# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL LAVELLE SIMMONS,       )
                               )
       Petitioner,            )
                               )   02: 05-cr-0074-1
                               )   02: 08-cv-0229
                               )
B. A. BLEDSOE,                 )
                               )
       Respondent.            )

## MEMORANDUM ORDER

Presently before the Court is a PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY filed *pro se* by Petitioner, Michael Lavelle Simmons. (*Document No. 84.*)

By Memorandum Order of February 20, 2008, the Court ordered Michael Lavelle Simmons, Petitioner, pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), to advise this Court on or before April 7, 2008 as to his selection from the following three options:

    1.    Have his motion ruled upon as filed;

    2.    Have his motion recharacterized as a motion pursuant to 28 U.S.C. § 2255 and heard as such, but that he would lose his ability to file successive petitions / motions absent certification by the court of appeals; or

    3.    Withdraw his motion and file an all-inclusive Section 2255 motion subject to the one year period described in Section 2255.

To date, Petitioner has not informed the Court of his selected option. For the reasons that follow, the petition will be denied as untimely and for lack of key jurisdictional averments.

On January 3, 2006, Michael Lavelle Simmons pled guilty to Count One of a superseding indictment which charged him with transportation with intent to engage in criminal sexual activity in and around October 2004, in violation of title 18, United States Code, section 2423(a) & 2. On April 7, 2006, the Court sentenced Mr. Simmons to 120 months imprisonment, to be followed by supervised release for a term of life. Mr. Simmons did not file a direct appeal. Currently, he is incarcerated at United States Penitentiary Marion in Marion, Illinois.

On February 19, 2008, Mr. Simmons filed the instant motion in which he contends that he was given an "excessive term of Supervised Release in violation of the United States Sentencing Guidelines . . . ." Petition, II(A). Mr. Simmons also contends that his trial counsel was ineffective for failing to raise the issue of "a downward departure for diminished capacity for mental illness. . . . Had defense counsel made the court aware of this fact, the outcome would have been different. . . ." Petition, IV(B).

Although not captioned as such, because Mr. Simmons seeks to have his sentence corrected, the Court finds that the motion should be construed as a motion for relief under 28 U.S.C. § 2255. As noted on the title page of the pre-printed form which Petitioner used, "[T]his form is not to be used if petitioner claims that his federal sentence itself is unlawful. If a petitioner wishes to attack his federal sentence, he or she should file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in the federal court which entered judgment."

At the outset, the Court finds that any claim made pursuant to § 2255 is time-barred by the one-year period of limitations expressly set out in the sixth paragraph of § 2255 itself. With exceptions not applicable or alleged here, the limitations period applicable to petitions

under § 2255 starts to run on "the date on which the judgment of conviction becomes final" according to the plain language of the section. *See United States v. Kapral,* 166 F.3d 565, 567 (3d Cir. 1999). In this case, the docket fails to indicate that an appeal or other post-sentence proceedings that might toll the limitations calendar occurred and Mr. Simmons confirms that same conclusion in the self-reported data included on his pending petition.

Furthermore, even if the Court considered the motion as one filed pursuant to 28 U.S.C. § 2241, the petition would still be dismissed for lack of jurisdiction. Under the decision of the United States Supreme Court in *Braden v. 30th Judicial Circuit*, 410 U.S. 484 (1973), jurisdiction to hear habeas corpus petitions lies in that district having jurisdiction over the custodian (construing 28 U.S.C. § 2241(a)). Accordingly, the Warden at U.S.P. Marion, B. A. Bledsoe, is not subject to the jurisdiction of this Court or its orders, but rather is subject exclusively to the jurisdiction of the United States District Court for the Southern District of Illinois as the first court of resort where questions under § 2241 are concerned.

For all these reasons, the instant petition is **DENIED.** An evidentiary hearing will not be conducted as the Court finds that the record conclusively demonstrates that Mr. Simmons is not entitled to the relief requested. Further, the Court will not issue a certificate of appealability as the Court finds that Mr. Simmons has not substantially demonstrated the denial of a constitutional right and is therefore not entitled to appellate review of this Order.

The Clerk shall docket this case closed.

So **ORDERED** this 15th day of April, 2008.


                                                 BY THE COURT:

                                                 <u>s/Terrrence F. McVerry, Judge</u>
                                                 United States District Court


cc:       Tina O. Miller,
           Assistant United States Attorney
           Email: tina.o.miller@usdoj.gov

           Michael Lavelle Simmons
           USM #83805-008
           USP Marion
           P. O. Box 1000
           Marion, IL 62659